UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REX DURRETT AND CAROLE DURRETT, )<br>    *Plaintiffs*, )<br>    )<br>    *vs.* )<br>    )<br>STATE FARM MUTUAL AUTOMOBILE COMPA- )<br>NY, )<br>    *Defendant.* ) | 1:12-cv-01762-JMS-DKL |

## **ORDER**

Plaintiffs Rex and Carole Durrett filed a Complaint on December 3, 2012 in which they allege that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. [Dkt. 1 at 1, ¶ 3.] Specifically, Plaintiffs allege that: (1) at all relevant times, they "resided as husband and wife, in the City of Indianapolis, County of Marion, State of Indiana," [*id.* at 1, ¶ 1]; (2) at all relevant times, Defendant State Farm Mutual Automobile Company ("State Farm") "was headquartered in Bloomington, Illinois," [*id.* at 1, ¶ 2]; and (3) "[d]iversity jurisdiction exists…because the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000)," [*id.* at 1, ¶ 3].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Plaintiffs' Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

- 2 -

Specifically, Plaintiffs are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); (4) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject-matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (5) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (6) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** Plaintiffs to file an Amended Complaint on or before **December 21, 2012**, which addresses the jurisdictional concerns noted above. State Farm need not respond to the Complaint, [dkt. 1], but rather shall timely respond to the Amended Complaint once it is filed.

12/05/2012

                                        Hon. Jane Magnus-Stinson, Judge
                                        United States District Court
                                        Southern District of Indiana

**Distribution via ECF only**:

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com